DANIEL P. ZELIFF, RELATOR, v. EDGAR WHRITENOUR.

Submitted December 5, 1902—Decided February 24, 1903.

The power of a township committee, under the act of March 7th, 1901 (*Pamph. L., p.* 49), to fill a vacancy existing in the office of chosen freeholder in any township depends upon whether a vacancy exists by reason of resignation, removal, death or other cause. The declaration, on the part of the committee, that one of the conditions exist, when contrary to the fact, affords no ground for action on their part, and the appointment is a nullity.

---

On information in nature of *quo warranto.* Demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the relator, *Francis Scott.*

For the defendant, *James G. Blauvelt.*

PER CURIAM.

By the second section of a supplement to the "Act to incorporate the chosen freeholders in the respective counties of this state," approved March 7th, 1901 (*Pamph. L., p.* 49), any vacancy existing in the office of chosen freeholders in any township, by reason of resignation, removal, death or any other cause, may be filled for the unexpired term by the township committee. It appears from the information in this case that the respondent was duly elected a chosen freeholder of the county of Passaic from the township of Manchester, and that, while occupying this office, the township committee, after formally declaring his office vacant upon the ground that he had removed out of the state, appointed the relator to fill the alleged vacancy for the unexpired term. The defendant, in his plea, denies that his office ever became vacant, and asserts that ever since his election he has continued to be, and still is, a resident of the township of Manchester.

This plea contains a complete answer to the information. The demurrer admits the facts set out in it to be true. The power of the township committee to appoint a member of the board of freeholders for this township depends upon the existence of the conditions prescribed in the statute. Their declaration that one of the conditions exist, the declaration being contrary to the fact, affords no ground for action on their part, and such action is a nullity.

The defendant is entitled to judgment on the demurrer.